RISING & THORNE, A CORPORATION, PLAINTIFF-APPEL-LEE, v. FRANK M. KENNEDY PAINT AND COLOR COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 15, 1936—Decided June 4, 1936.

Before Justices BODINE and HEHER.

For the defendant-appellant, *Joesph C. Glavin.*

For the plaintiff-appellee, *Winard & Winard* (*Samuel Winard*).

PER CURIAM.

Plaintiff had judgment for $271.15. Defendant appeals. The plaintiff is a retail dealer in paint. The defendant, a manufacturer, being anxious to introduce its line of paint into the plaintiff's store, represented that it would select the color and size of containers deemed most easily salable; further, agreeing that if the plaintiff should find any of the paint selected unsalable it would exchange the same for paint of other colors and containers to be selected by the plaintiff. The plaintiff finding some of the paint unsalable informed the defendant that it desired to effect an exchange. This defendant refused to do. The plaintiff then packed and returned the paint and sued for breach of the contract.

Defendant made a motion for nonsuit on two grounds: "1. That plaintiff's remedy was specific performance in chancery. 2. No damages were proven because the agreement as

alleged in the state of demand was to the effect goods would be exchanged, and did not allege that the price of the goods would be returned."

Answering the second contention first, it was stipulated by counsel that the cost of the paint returned was $271.15. The proofs clearly establish an agreement whereby if the goods sold were incapable of ready resale other goods would be substituted therefor. Such an executory agreement may be the basis of an action. *Smith* v. *York Manufacturing Co.*, 58 *N. J. L.* 242; 33 *Atl. Rep.* 244. The measure of damages, in the absence of other proof, would seem to be the price paid for the goods returned. As to the first ground, it need only be noted that an action to recover damages for breach of contract is alone cognizable in the law courts.

Judgment is affirmed, with costs.